In The United States District Court For The Western District Of Pennsylvania

United States Of America

  v.        Criminal No. 19-00008

David Curran

    Motion To Dismiss Indictment #2 With Authority

1. David Curran is charged with conspiracy in Count 1s.
2. The government must prove beyond a reasonable doubt every element of the charged drug conspiracy before defendant may be found guilty of the offense. A reasonable doubt is a doubt which fairly arises out of all the evidence or the lack thereof and is based upon reason, logic, common sense or experience. It is a doubt of the sort that would cause one to hesitate to act in matters of importance in his or life. It may arise from the evidence, or the lack of evidence, or from the nature of the evidence. After considering all the evidence, if a reasonable doubt exists regarding the defendant's guilt as to the drug conspiracy charge against him, he is entitled to that doubt and must be found not guilty of the charge. See Third Circuit Model Criminal Jury Instructions, Section 3.06.
3. In a drug conspiracy case, where the major participants in question are the seller and the buyer of the controlled substance, consideration must be given as to whether more than a mere buyer-seller relationship existed. This is because "a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999).
4. Factors that courts consider in determining whether more than a buyer-seller relationship exits include the length of affiliation between the defendant and the conspiracy, whether there is an established payment method, the extend to which transactions are standardized, whether there is a demonstrated level of mutual trust, whether the transactions involve large amounts of drugs and whether the drugs were purchased on credit. See Gibbs, 190 F.3d at 199-200; United States v. Badini, 525 Fed. Appx. 190, 192 (3d Cir. 2013).
5. David Curran's name comes up once on Government Exhibit 29, a mailing that was never ordered or even received by David Curran by any source.
6. If the government can establish any possession of illegal substances by David Curran, nothing more than a buyer-seller relationship could be established by David Curran with any individual, never the less any codefendant in this case.

WHEREFORE, the defense requests this Honorable Court to dismiss the herein indictment.

    Respectfully Submitted,

    /s/ Alonzo Burney

    Alonzo Burney, Esquire